**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VENITRA DUKES,**
a/k/a Venitra Gainey,

        Plaintiff,

v.    Case No: 6:21-cv-1342-GAP-DAB

**LVNV FUNDING, LLC,**

        Defendant.

_____

**REPORT AND RECOMMENDATION**

The following Motion was considered with oral argument on January 19, 2023:

> **MOTION:** DEFENDANT LVNV FUNDING, LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 36)
>
> **FILED:** November 9, 2022
>
> _____
>
> It is **RECOMMENDED** that the motion to award attorney's fees be **GRANTED in part**.

This matter is before the Court on Defendant LVNV Funding, LLC's Motion for Attorney's Fees and Costs (the "Motion") (Doc. No. 36), Plaintiff Venitra Dukes's Response to the Motion (Doc. No. 40), and Defendant's Reply in Support

of the Motion (Doc. No. 44). The undersigned held a hearing on the Motion on January 19, 2023. Doc. Nos. 45-47.[1] Appearing at the hearing were Mahira Khan, Esq., for Plaintiff and John Marees II and Lauren Burnette, Esqs., for Defendant. Doc. No. 46. It is recommended that the Motion be granted in part and that the Court award under 28 U.S.C. § 1927 Defendant's reasonable attorney's fees incurred from the time of Plaintiff's deposition on July 11, 2022.

I.   BACKGROUND

On August 17, 2021, Plaintiff sued Defendant under the Fair Debt Collection Practices Act, alleging that Defendant violated 15 U.S.C. § 1692e. Doc. No. 1 ¶ 22. Daniel M. Brennan, Esq., of Credit Repair Lawyers of America ("CRLA") represented Plaintiff when she filed her Complaint. Defendant answered the Complaint on September 22, 2021. Doc. No. 9. Plaintiff was deposed on July 11, 2022. Doc. No. 23-2. On September 1, 2022, both parties moved for summary judgment. Doc. Nos. 23, 24. On September 15, 2022, Mahira Khan, Esq., entered her appearance on behalf of Plaintiff, and Mr. Brennan withdrew as Plaintiff's counsel the next day because he had resigned from CRLA. Doc. Nos. 26-28. The parties then responded and replied to each other's motions. Doc. Nos. 29-32. On

---

[1] At the hearing the Court granted Defendant's unopposed Motion for Costs in the amount of $1,804.69 (Doc. Nos. 39, 43), so the remaining issue before the Court is Defendant's entitlement to attorney's fees. *See* Fed. R. 54(d)(1); *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 373, 380-88 (2013) (holding that court may award costs to prevailing defendants in cases under Fair Debt Collection Practices Act without finding under 15 U.S.C. § 1692k(a)(3) that plaintiff brought case in bad faith and for the purpose of harassment). A separate Order awarding costs will be entered.

2

October 27, 2022, the Court granted Defendant's Motion for Summary Judgment (Doc. No. 23) and denied Plaintiff's Motion for Summary Judgment (Doc. No. 24). Doc. No. 34. In doing so, the Court found the following:

> Venitra Dukes, aka Venitra Gainey ("Plaintiff"), is a natural person residing in Daytona Beach, Florida. LVNV Funding, LLC ("Defendant") is a foreign limited liability company purportedly conducting business in the state of Florida. Defendant maintains that it does not engage in collection acts and has no employees of its own. Instead, Defendant engages a "master servicer," non-party Resurgent Capital Services, L.P. ("RCS"), to manage its accounts. On August 17, 2021, Plaintiff brought suit under the Fair Debt Collection Practices Act ("FDCPA") alleging Defendant violated 15 U.S.C. § 1692e. Plaintiff seeks actual and statutory damages in addition to statutory costs and attorneys' fees.
>
> In 2018, Plaintiff opened a Credit One Bank credit card account that became delinquent; the $744 outstanding debt was ultimately acquired by Defendant. Defendant sought to recover the balance through its master servicer, RCS. Plaintiff and her husband subsequently began working with a credit repair organization "to try to straighten out [their] credit." Plaintiff testified that her primary goal was to obtain a mortgage, which was being frustrated by issues with her credit report. In exchange for a fee of approximately $80 per month, this organization, or organizations, purported to provide information to consumers on how to repair their credit and assisted consumers in sending letters to creditors and credit reporting bureaus. One such letter—addressed to Transunion (a credit reporting agency) and dated March 5, 2019—detailed Plaintiff's disputes of "inaccuracies" in her credit report, noting next to a line for "LVNV FUNDING LLC" that "[t]his collection is not my account." This letter was purportedly from, and is signed by, Plaintiff.
>
> Sometime in 2019, Plaintiff retained Credit Repair Lawyers of America ("CRLA") to assist her. CRLA drafted and sent a letter to Defendant, dated May 28, 2021, that stated, in pertinent part: "Our client no longer disputes LVNV

Funding LLC, Original Creditor: Credit One Bank, N.A., Balance: $744, Date of Opening: May 2018. Please remove the dispute comment from the account." This letter listed Plaintiff's name, address, and social security number ("SSN") and was signed electronically by an out-of-state attorney, Gary Hansz. Plaintiff testified that she authorized CRLA to send the letter. As a result of several discrepancies with this letter identified in an internal review process, RCS did not remove the dispute comment from the collection item. Neither Plaintiff nor the attorney or law firm listed in the letter were contacted by RCS to follow-up on the review process; a representative for RCS testified it did not reach out to Plaintiff or the attorney because of the appearance of a scam. The same representative for RCS testified that had Plaintiff reached out to RCS to inform it that she was being represented by an attorney, or had included a Power of Attorney in its letter, it would have immediately removed the dispute comment.

Subsequently, Plaintiff obtained credit reports from TransUnion and Experian on July 26, 2021. Both reports continued to list Defendant's $744 and included identical comments: "[a]ccount information disputed by consumer." Plaintiff filed her Complaint in the instant lawsuit on August 17, 2021.

In a deposition conducted on July 11, 2022, Plaintiff testified that she does not believe the $744 outstanding is accurate because she had made payments on the account. When asked whether she "dispute[d] the amount of the account, but not that [she] owe[d] them something," Plaintiff responded, "[c]orrect." Primarily, Plaintiff wanted the dispute comments removed from her credit reports for the purpose of obtaining a mortgage as she was advised that "FHA [Federal Housing Administration] would not…allow us to move forward if any sort of dispute, dispute comments or anything of that nature" were present on her credit report. Plaintiff also wanted the dispute comments removed so she could generally obtain credit.

Notwithstanding the above testimony, Plaintiff's Motion for Summary Judgment included a Declaration of Plaintiff (Doc. 24-2) ("Affidavit") stating that Plaintiff "no

4

> longer dispute[s] the [debt owed to LVNV]." It further states the debt was incurred for personal and household businesses and not for business or commercial purposes.

*Id.* at 1-5 (alterations in original) (footnotes omitted) (citations omitted).

The Court found that "Plaintiff here, despite several conclusory statements to the contrary in her papers, testified plainly in deposition that she disputes the $744 debt." *Id.* at 7 (footnote omitted). "Therefore, where Plaintiff has testified plainly in deposition that she disputes the amount of her debt to Defendant, she cannot manufacture a dispute of material fact by simple stating in an affidavit—without explanation—that she 'no longer dispute[s] the collection item.'" *Id.* at 8 (alteration in original). Because Plaintiff admitted in sworn testimony that she continues to dispute the debt in question, the Court concluded that Defendant did not violate the FDCPA by failing to remove the "dispute" comment from Plaintiff's credit account. *Id.* at 12-13. Because "Defendant has shown that there is no genuine issue of material fact from which a jury could find that it violated the FDCPA by continuing to report Plaintiff's debt as disputed," the Court granted summary judgment for Defendant (*id.* at 13-14), and judgment in favor of Defendant against Plaintiff was entered on October 28, 2022 (Doc. No. 35).

On November 9, 2022, Defendant filed its Motion for Attorney's Fees and Costs. Doc. No. 36. Defendant argues that the Court should award Defendant its attorney's fees under 15 U.S.C. § 1692k, 28 U.S.C. § 1927, and the Court's inherent

5

authority to sanction improper conduct. *Id.* at 8-17. Plaintiff responded on November 30, 2022, arguing that she did not file this action in bad faith or for the purpose of harassment, her counsel did not unreasonably or vexatiously multiply the proceedings, and Defendant improperly seeks the Court to engage in fee-shifting contrary to the American Rule that litigants pay their own attorney's fees in the absence of a contrary statute or contract. Doc. No. 40 at 3-10. Defendant replied on December 13, 2022, that bad faith and harassment for the purpose of 15 U.S.C. § 1692k are present here; that it is entitled to fees and costs under 28 U.S.C. § 1927 from the time of Plaintiff's filing of her frivolous Complaint; and that the Court's inherent authority is meant to address Plaintiff's conduct, which justifies deviation from the American Rule. Doc. No. 44. The undersigned held a hearing on the Motion on January 19, 2023. Doc. Nos. 46-47.

## II.   DISCUSSION

"Parties generally are required to bear their own litigation expenses regardless of who wins or loses." *Gillis v. Deutsche Bank Tr. Co. Americas*, No. 2:14-cv-418-FtM-38CM, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 832, 131 S. Ct. 2205, 2213 (2011)), *report and recommendation adopted sub nom. Gillis v. Deutsche Bank Tr. Co.*, No. 2:14-cv-418-FtM-38CM, 2016 WL 540300 (M.D. Fla. Feb. 11, 2016). "The Supreme Court has stated that 'this principle is so firmly entrenched that it is known as the "American Rule."'" *Id.*

6

(quoting same). "Exceptions exist, however, where Congress has authorized courts to deviate from this rule in certain types of cases by shifting fees from one party to another." *Id.* (citing same).

**A. 15 U.S.C. § 1692k**

Defendant argues that the Court should order Plaintiff to pay Defendant's attorney's fees under 15 U.S.C. § 1692k for bringing a claim under the FDCPA. Doc. No. 36 at 8-11; Doc. No. 44 at 1-3. Section 1692k provides that, "[o]n a finding by the court that an action under this section was brought in bad faith *and* for the purpose of harassment, the court *may* award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3) (emphases added). "The burden is on the prevailing defendant to show 'bad faith' and 'harassment.' Notably, merely prevailing on a dispositive motion is insufficient to show that a plaintiff acted in bad faith or for the purpose of harassment." *Williams v. Internal Credit Sys., Inc.*, No. 8:19-cv-1872-T-30AEP, 2021 WL 9772145, at *4 (M.D. Fla. Apr. 9, 2021).

> It appears the Eleventh Circuit has not addressed an award of attorneys' fees under § 1692k(a)(3). In *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988), however, the Eleventh Circuit addressed the standard for a finding of bad faith under Fed. R. Civ. P. 11, noting "[t]he bad faith element is determined by objective standards of reasonableness." The Eleventh Circuit expounded upon the matter in *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002), explaining "[t]he objective standard for assessing conduct under Rule 11 is reasonableness under the circumstances and what [it] was reasonable to believe at the time the pleading was submitted.

7

> Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak." *Id.* (internal marks and citations omitted).

*Ryals v. Equidata, Inc.*, No. 3:16cv164-MCR-CJK, 2017 WL 11664799, at *1 (N.D. Fla. Aug. 4, 2017) (alterations in original), *report and recommendation adopted*, 2017 WL 11664802 (N.D. Fla. Sept. 5, 2017); *see Montero-Hernandez v. Palisades Collection, LLC*, No. 6:12-cv-1736-ORL-22, 2014 WL 505119, at *5 (M.D. Fla. Feb. 7, 2014) ("The Eleventh Circuit has not interpreted the meaning of 'in bad faith and for the purposes of harassment' with respect to § 1629k(a)(3). Other courts have set a high bar, requiring evidence that a plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant. With respect to the bad faith prong, in other contexts, the Eleventh Circuit has found that bad faith requires more than mere negligence and that a finding of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." (citation omitted)).

Defendant argues that the Court should find that both Plaintiff's bad faith and her purpose to harass are present here to warrant the award of attorney's fees against her under § 1692k. Doc. No. 36 at 9-11; Doc. No. 44 at 1-3. Plaintiff asserts that she filed this action "because Defendant refused to remove the dispute remark upon her request and prevented [her] from being able to obtain a mortgage." Doc.

8

No. 40 at 5. In reply, Defendant contends that "bringing an FDCPA claim premised on a known falsehood satisfies both the bad *and* harassment elements." Doc. No. 44 at 2. According to Defendant, "Plaintiff's claims were premised on a lie: she claimed she no longer disputed the debt, even though she admitted in her deposition that she has disputed the debt for years and still disputes it to this day." *Id.*

In granting summary judgment for Defendant and against Plaintiff, the Court noted that "Plaintiff's deposition testimony affirms that she continues to dispute the amount of the debt she owes Defendant." Doc. No. 34 at 12. Plaintiff's declaration in support of her Motion for Summary Judgment and her Complaint stated, however, that she no longer disputes the debt owed to LVNV. *Id.* at 5; Doc. No. 1 ¶ 8. The Court noted that "Plaintiff does not have the right to manipulate her credit reports with false representations to improve her access to credit, and she may not weaponize the FDCPA against a debt collector for declining to participate in a scam." Doc. No. 34 at 13.

Even if Plaintiff demonstrated deliberate indifference to obvious facts or knowingly or recklessly pursued a frivolous claim, Defendant fails to show that Plaintiff did so with the purpose to harass Defendant. *See Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008) ("[T]here must be evidence that Plaintiff both knew that his/her claim was meritless and pursued it with the

9

purpose of harassing the defendant. Here, Defendant has not demonstrated that Plaintiff herself brought [this] action in bad faith to harass. The Court is cognizant of the fact that the litigation continued even after the production of record evidence indicating that Defendant was in fact properly registered. However, there is simply no evidence that Plaintiff personally knew of the lack of merit and that she continued litigating for the purpose of harassment."). Defendant's assertion that "Plaintiff was trying to force LVNV into participating in an orchestrated scam," without more, is insufficient to meet Defendant's burden to show that attorney's fees under § 1692k are warranted. Doc. No. 36 at 11. The Court in its discretion should deny Defendant's Motion for Attorney's Fees on this basis.

### B. 28 U.S.C. § 1927 and the Court's Inherent Authority

Defendant alternatively argues that the Court under 28 U.S.C. § 1927 and its inherent authority should order CRLA to pay Defendant's attorney's fees because CRLA knowingly misrepresented that Plaintiff disputed the debt and forced Defendant to defend the frivolous claims. Doc. No. 36 at 11-17.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 only applies to unnecessary filings after the lawsuit has begun and does not apply to initial pleadings. *Montero-Hernandez*, 2014 WL 505119, at *7. And awards under § 1927 may only be imposed only against the offending attorney, not the attorney's clients. *Solomon v. Sutton*, No. 1:18-CV-5715-MLB-JKL, 2020 WL 9601849, at *18 (N.D. Ga. May 8, 2020), *report and recommendation adopted*, 2020 WL 9601769 (N.D. Ga. July 1, 2020). "The Court also has 'authority to issue a sanctions order under its inherent powers,' but this authority is no broader than the Court's 'authority to issue sanctions for attorney misconduct under § 1927.'" *Robinson v. WebBank*, No. 1:19-cv-2458-MLB, 2021 WL 5029458, at *5 (N.D. Ga. Mar. 8, 2021) (quoting *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)).

> To justify an award of sanctions under Section 1927, "an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." "An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith." Something more than a lack of merit or negligent conduct is needed to support the imposition of sanctions under Section 1927.

*Harris v. Bureaus, Inc.*, No. 1:20-CV-297-MHC-LTW, 2021 WL 7708402, at *4 (N.D. Ga. June 21, 2021) (citations omitted). "[N]egligent conduct, standing alone, will not support a finding of bad faith under § 1927" and, therefore, an attorney's conduct "will not warrant sanctions if it simply fails to meet the standard of

11

conduct expected from a reasonable attorney." *Amlong & Amlong*, 500 F.3d at 1241-42. Rather, "'[b]ad faith' is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (citation omitted).

Defendant argues that objectively "CRLA acted in bad faith over the course of this lawsuit. CRLA drafted and filed the Complaint, which alleged that Plaintiff 'no longer disputes' the debt and that LVNV violated that FDCPA by 'falsely' reporting the debt as disputed." Doc. No. 36 at 12. According to Defendant, "[e]ven if CRLA was not aware that Plaintiff disputed the debt when it filed suit, that became inescapably clear at Plaintiff's deposition." *Id.* at 13. "Plaintiff testified that she does not believe she owes LVNV the amount being reported and that she disputes the debt. At that point, any reasonable attorney would have withdrawn the claims." *Id.* at 13-14 (citation omitted). "Instead, CRLA doubled down, filing a sham declaration from Plaintiff that falsely claimed she 'no longer disputes' the debt." *Id.* at 14. In response, Plaintiff argues that her counsel's conduct after her deposition was not so egregious that it was tantamount to bad faith. Doc. No. 40 at 9. In reply, Defendant concedes that the Court may not award fees under § 1927

12

for the filing of a frivolous complaint but argues that the Court should award Defendant its fees incurred from that point forward. Doc. No. 44 at 4.

The undersigned recommends that the Court award attorney's fees against CRLA incurred by Defendant in this matter from the time of Plaintiff's deposition on July 11, 2022, where she testified that she disputes the $744 debt. At that point it was apparent that Defendant "cannot possibly have falsely represented [Plaintiff's] debt as disputed." Doc. No. 34 at 13. As Defendant points out, at that point any reasonable attorney would have withdrawn or abandoned Plaintiff's claim. Doc. No. 36 at 13-14 (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)). Instead of doing so, Plaintiff's counsel at CRLA continued to pursue Plaintiff's claim, and the parties filed their cross-motions for summary judgment. Plaintiff submitted a declaration in support of her Motion for Summary Judgment stating that she no longer disputes the collection item, which the Court found to be a sham affidavit because it contradicted her earlier deposition testimony that she did dispute it. Doc. No. 34 at 7-8. Plaintiff's counsel's continued pursuit of her claim following her deposition was objectively reckless because counsel's conduct was beyond mere negligence and unreasonably and vexatiously multiplied the proceedings. *See Harris*, 2021 WL 7708402, at *4; *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d 1301, 1306-08 (M.D. Fla. 2010) (finding that plaintiff and attorney multiplied proceedings in case unreasonably and vexatiously and exhibited

13

deliberate indifference to obvious facts because plaintiff's counsel failed to dismiss plaintiff's claims when it became clear during discovery that they had no factual basis, as plaintiff's deposition testimony contradicted allegations in complaint); *Tiye v. Laurel Baye Healthcare*, No. 1:04-CV-2252-JEC-GGB, 2005 WL 8154835, at *6 (N.D. Ga. Aug. 29, 2005) (recommending awarding excess costs, expenses, and attorney's fees reasonably incurred by defendant after plaintiff received defendant's letter documenting frivolous nature of suit and requesting voluntary dismissal), *report and recommendation adopted*, 2005 WL 8154833 (N.D. Ga. Dec. 16, 2005). Because CRLA's conduct was vexatious and unreasonable and resulted in an unnecessary multiplication of the proceedings, Defendant is entitled to an award of reasonable attorney's fees against CRLA under 28 U.S.C. § 1927 for the legal services Defendant's counsel performed in defense of the case from the time of Plaintiff's deposition on July 11, 2022, and in preparing its motion for attorney's fees.

### III. CONCLUSION

Because Defendant is entitled to reasonable attorney's fees under 28 U.S.C. § 1927 from Plaintiff's counsel CRLA, it is **RECOMMENDED** that Defendant's Motion (Doc. No. 36) be **GRANTED in part**.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** on February 27, 2023.

_____
**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record