UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VENITRA DUKES,
a/k/a Venitra Gainey,

        Plaintiff,

v.                              Case No:  6:21-cv-1342-GAP-EJK

LVNV FUNDING, LLC,

        Defendant.

_____

REPORT AND RECOMMENDATION

The following Motion was considered without oral argument:

| |
|---|
| **MOTION:** DEFENDANT LVNV FUNDING, LLC'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT (Doc. No. 53) |
| **FILED:**     April 5, 2023 |
| It is **RECOMMENDED** that the Supplemental Motion for Attorney's Fees (Doc. No. 53) be **GRANTED in part and DENIED in part** and that Defendant be awarded attorney's fees in the amount of $24,397.00. |

This matter is before the Court on Defendant LVNV Funding, LLC's

Supplemental Motion for Attorney's Fees (the "Supplemental Motion") (Doc. No.

53), Plaintiff Venitra Dukes's Response to the Supplemental Motion (Doc. No. 55), and Defendant's Reply in Support of Its Supplemental Motion (Doc. No. 58). On April 5, 2023, Defendant filed under Local Rule 7.01(c) its Supplemental Motion for Attorney's Fees in the amount of $30,511.88, consisting of $24,409.50 for attorney's fees incurred after July 11, 2022, plus a 25% upward adjustment to the lodestar amount due to the "extraordinary" or "exceptional" results obtained by Defendant. Doc. No. 53 at 4, 5-6.

Plaintiff opposed the Supplemental Motion in her response under Local Rule 7.01(d) on April 20, 2023. Doc. No. 55. Plaintiff argues that Defendant's counsel's claimed hours in its Supplemental Motion are excessive, contending that Defendant should be awarded instead $10,000.00 for its attorney's fees incurred after July 11, 2022. *Id.* at 5-15.

With the Court's leave under Local Rule 3.01(d), Defendant replied on May 8, 2023, to Plaintiff's response and requested an additional $1,560.00 in attorney's fees for work performed by Defendant's counsel after it filed its Supplemental Motion. Doc. No. 58 at 5. Although not stated explicitly by Defendant, Defendant likely also seeks a 25% upward adjustment to this addition to its claimed lodestar amount, which is now $25,969.50, for a total of $32,461.88.[1]

---

[1] Defendant's lodestar of $25,969.50 x 1.25 = $32,461.88.

For the reasons explained below, it is recommended that the Court

(1)     grant in part and deny in part Defendant's Supplemental Motion;

(2)     deduct $1,508.50 from the $24,409.50 claimed by Defendant as the lodestar amount in its Supplemental Motion, for a total of **$22,901.00**;

(3)     deduct $64.00 from the $1,560.00 claimed by Defendant for its counsel's work performed after Defendant filed its Supplemental Motion and award Defendant **$1,496.00** in attorney's fees for this work;

(4)     deny Defendant's request for a 25% upward adjustment to the lodestar amount; and

(5)     award under 28 U.S.C. § 1927 Defendant's reasonable attorney's fees incurred after July 11, 2022, in the amount of **$24,397.00**[2].

## I.   BACKGROUND

On August 17, 2021, Plaintiff sued Defendant under the Fair Debt Collection Practices Act ("FDCPA"), alleging that Defendant violated 15 U.S.C. § 1692e. Doc. No. 1 ¶ 22. Daniel M. Brennan, Esq., of Credit Repair Lawyers of America ("CRLA") represented Plaintiff when she filed her Complaint. Defendant answered the Complaint on September 22, 2021. Doc. No. 9. Plaintiff was deposed on July 11, 2022. Doc. No. 23-2. On September 1, 2022, both parties moved for summary judgment. Doc. Nos. 23, 24. On September 15, 2022, Mahira Khan, Esq., entered her appearance on behalf of Plaintiff, and Mr. Brennan withdrew as Plaintiff's counsel the next day because he had resigned from CRLA. Doc. Nos. 26-

---

[2] $22,901.00 + $1,496.00 = $24.397.00.

28. The parties then responded and replied to each other's motions. Doc. Nos. 29-32. On October 27, 2022, the Court granted Defendant's Motion for Summary Judgment (Doc. No. 23) and denied Plaintiff's Motion for Summary Judgment (Doc. No. 24). Doc. No. 34. The Court entered judgment in favor of Defendant against Plaintiff on October 28, 2022. Doc. No. 35.

On November 9, 2022, Defendant filed its Motion for Attorney's Fees and Costs under Local Rule 7.01(b), arguing that the Court should award Defendant its attorney's fees under 15 U.S.C. § 1692k, 28 U.S.C. § 1927, and the Court's inherent authority to sanction improper conduct. Doc. No. 36 at 8-17. The undersigned held a hearing on the motion on January 19, 2023 (Doc. Nos. 46-47), and recommended that the motion for attorney's fees be granted in part under 28 U.S.C. § 1927 (Doc. No. 48). *Dukes v. LVNV Funding, LLC*, No. 6:21-cv-1342-GAP-DAB, 2023 WL 2574760 (M.D. Fla. Feb. 27, 2023). The Court adopted the recommendation and granted in part the motion, finding that Defendant is entitled to an award of attorney's fees under 28 U.S.C. § 1927 for legal services rendered after July 11, 2022, the date of Plaintiff's deposition, because CRLA's conduct was vexatious and unreasonable after that date (Doc. No. 51). *Dukes v. LVNV Funding, LLC*, No. 6:21-cv-1342-GAP-DAB, 2023 WL 2571052 (M.D. Fla. Mar. 20, 2023); *see* 28 U.S.C. § 1927; *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (noting that § 1927 "allows district courts to 'assess attorney's

fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith'" (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991))). The Court separately awarded Defendant its costs, which Plaintiff did not oppose, in the amount of $1,804.69 on March 21, 2023. Doc. No. 52. Defendant then filed its Supplemental Motion for Attorney's Fees on April 5, 2023. Doc. No. 53.

## II.   DISCUSSION

> The Court uses the lodestar method to determine a reasonable fee award, which it calculates by multiplying the number of hours reasonably expended by a reasonable hourly rate. The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary."

*Stephenson v. Mountain Run Sols., LLC*, No. 8:21-cv-2256-CEH-MRM, 2023 WL 2561365, at *9 (M.D. Fla. Mar. 17, 2023) (alteration in original) (citations omitted). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam).

A.    **Reasonable Hourly Rates**

"The reasonable hourly rate is determined based upon the prevailing market rate in the relevant legal community. That is, 'the place where the case is filed.' The Court is itself an expert on reasonable rates and may 'consider its own knowledge and experience concerning reasonable and proper fees.'" *Peterson v. Cap. Link Mgmt. LLC*, No. 3:21cv951-MCR-HTC, 2023 WL 2885202, at *3 (N.D. Fla. Feb. 6, 2023) (citations omitted), *report and recommendation adopted*, 2023 WL 3045527 (N.D. Fla. Apr. 21, 2023).

Defendant's counsel claims hourly rates after July 11, 2022, of between $275.00 and $335.00 for its attorneys who are members of the Florida Bar and $125.00 for its paralegal and attorney not licensed in Florida. Doc. No. 53 at 7-15. Defendant's counsel states that (1) Attorney Burnette's hourly rates were $320.00 in 2022 and $335.00 in 2023; (2) Attorneys Marees's and Walsh's hourly rates were $275.00 in 2022 and $295.00 in 2023; and (3) Paralegal Lewis's hourly rate is $125.00. Doc. No. 53 at 7-8; Doc. No. 53-1 ¶ 12-13. Defendant's counsel also seeks an hourly rate of $125.00 for Attorney Schulz, who is not a member of the Florida Bar and ordinarily billed at an hourly rate of $275.00 in 2022 and $295.00 in 2023. Doc. No. 53 at 8. Plaintiff does not object to Defendant's requested hourly rates. Doc. No. 55 at 4-5. Absent Plaintiff's objection to the reasonableness of the hourly rates requested, the Court should find that Defendant's counsel's claimed hourly

rates are reasonable. *See Bravo v. IQ Data Int'l, Inc.*, No. 8:21-cv-00887-TPB-SPF, 2022 WL 16927691, at *2 (M.D. Fla. Oct. 24, 2022) (noting court approval of attorney hourly rates of between $300.00 and $350.00 in FDCPA cases), *report and recommendation adopted*, 2022 WL 16923501 (M.D. Fla. Nov. 14, 2022); *Edwards Moving & Rigging, Inc. v. Jenkins*, No. 8:19-cv-1004-CEH-SPF, 2021 WL 7450503, at *2 (M.D. Fla. Aug. 3, 2021) (finding unopposed paralegal hourly rate of $150.00 to be reasonable).

**B.    Reasonable Hours Claimed**

Because the parties agree as to Defendant's counsel's hourly rates, the Court need only determine the reasonableness of the hours claimed. *See Storey v. Cap. Link Mgmt., LLC*, No. 2:21-cv-293-SPC-NPM, 2023 WL 2311457, at *1 (M.D. Fla. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 2305968 (M.D. Fla. Mar. 1, 2023). In its Supplemental Motion, Defendant seeks $30,511.88 in attorney's fees, consisting of $24,409.50 for attorney's fees incurred after July 11, 2022, plus a 25% upward adjustment to the lodestar amount due to the "extraordinary" or "exceptional" results obtained by Defendant. Doc. No. 53 at 4, 5-6. In response, Plaintiff argues that Defendant's counsel's claimed hours in its Supplemental Motion are excessive, contending that Defendant should be awarded instead $10,000.00 for its attorney's fees incurred after July 11, 2022. Doc. No. 55 at 5-15. In its reply, Defendant seeks an additional $1,560.00 in fees for 9.3 hours billed after

Defendant filed its Supplemental Motion. Doc. No. 58 at 5. Defendant likely also claims a 25% upward adjustment to this requested amount, so with this adjustment it is likely seeking $24,409.50 plus $1,560.00 ($25,969.50) with a 25% increase, for a total of $32,461.88.

Plaintiff first contends that "[e]verything in Defendant's 'supplemental' motion for attorney's fees should have been included in its original motion for attorney's fees." Doc. No. 55 at 5. As Defendant points out, however, Local Rule 7.01 requires a party seeking post-judgment attorney's fees to obtain first an order determining entitlement to fees before filing a supplemental motion on amount, so Plaintiff's argument is without merit. Doc. No. 58 at 2; *see* L.R. 7.01.

Plaintiff then argues that (1) several of Defendant's counsel's billing entries are indeterminate and should not be included in the fee award; and (2) Defendant's counsel's claimed hours are egregious and excessive. Doc. No. 55 at 6-12. Plaintiff contends that Defendant should be awarded instead $10,000.00 for its attorney's fees incurred after July 11, 2022. *Id.* at 14-15. Defendant's counsel as the fee applicant bears the burden of demonstrating that the hours requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *Storey*, 2023 WL 2311457, at *2 (quoting *In re Home Depot Inc.*, 931 F.3d 1065, 1087 (11th Cir. 2019)). Because

it is "the duty of the courts to see that excessive fees and expenses are not awarded," the fee applicant's timesheets must be viewed from the perspective of a cost-sensitive client, and if such a client would refuse to authorize the work or balk at certain entries, and justifiably so, then they should not be awarded.

*Id.* (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)).

Plaintiff contends that "several of Defendant's billing entries are indeterminate and therefore should not be included in an award." Doc. No. 55 at 6. She points to Defendant's counsel's redacted timesheet entries for September 21, October 5, October 28, November 2, and November 9, 2022. *Id.* at 6-8; Doc. No. 53-1 at 13, 14-15, 16, 19, 20. Plaintiff argues that the Court should "not allow any hours for those entries" because it cannot be determined what was work was performed and whether those hours were reasonably incurred. Doc. No. 55 at 6-8.

"When the subject of a task performed is redacted, a court is precluded from determining whether the time spent on that task was reasonable. When presented with redacted time entries or otherwise insufficient billing records, a court may apply an across-the-board reduction to the lodestar." *ECOM Prods. Grp. Corp. v. Cox*, No. 8:21-cv-1573-WFJ-AEP, 2022 WL 13631780, at *5 (M.D. Fla. Oct. 21, 2022) (citation omitted). The Eleventh Circuit, however, has "held that a district court did not abuse its discretion where 'most' of the entries were not severely redacted, and the district court could use the surrounding time entries to conclude that the 'time claimed . . . was spent on [the] matter.'" *Dial HD, Inc. v. ClearOne Commc'ns*,

536 F. App'x 927, 931 (11th Cir. 2013) (per curiam) (alterations in original) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002)). But "where a significant number of entries are severely redacted or it appears that fee counsel has failed to use billing judgment, it may be an abuse of discretion to award fees based on the redacted entries." *Id.* (quoting same).

Defendant maintains that its counsel's "redacted entries each indicate the task performed, both in the entries themselves and in context." Doc. No. 58 at 2. The Court in its discretion should allow the following redacted timesheet entries because the surrounding time entries provide context:

(1)    The time entry on September 21, 2022, where Attorney Walsh billed 2.4 hours to "Review/analyze L120 Analysis/Strategy: [redacted]" (Doc. No. 53-1 at 20), relates to work on Defendant's response to Plaintiff's motion for summary judgment.

(2)    The time entry on October 5, 2022, where Attorney Burnette billed 0.5 hour to "Review/Analyze L210 Pleadings: [redacted]" (Doc. No. 53-1 at 19), relates to work on Defendant's reply to Plaintiff's opposition to its motion for summary judgment filed on October 17, 2022 (Doc. No. 31).

(3)    The time entry on November 2, 2022, where Attorney Schulz billed 2.3 hours to "Draft/revise L120 Analysis/Strategy: [redacted]" (Doc. No. 53-1 at 14-15) relates to Defendant's motion for attorney's fees and costs.

(4)    The time entries on November 2 and 9, 2022, where Attorney Schulz billed 3.1, 2.9, and 2.6 hours to "Draft/revise L120 Analysis/Strategy: Analyze [redacted] for filing [or drafting] of motion for attorney's fees and costs" (Doc. No. 53-1 at 13, 14) relate to work on Defendant's motion for attorney fees and costs.

Although Plaintiff argues that the redactions prevent the Court from determining the work performed, the Court can reasonably infer from the entries that the work performed was that typically performed by an attorney on the matters described above. The Court in its discretion should allow the timesheet entries discussed above.

The Court, however, should disallow the redacted timesheet entry on October 28, 2022, where Attorney Burnette spent **0.5 of an hour** (and billed **$160.00**) to "Review/analyze L210 Pleadings: [redacted]" (Doc. No. 53-1 at 16). The parties' mediation already had concluded on October 27, at which time the Court granted summary judgment in favor of Defendant against Plaintiff and entered judgment on October 28. Doc. Nos. 33-35. The reasonableness of the time expended cannot be determined from the surrounding context, so the Court in its discretion should disallow this timesheet entry.

Plaintiff next maintains that Defendant's counsel's claimed time is excessive for its work on Defendant's motion for attorney's fees, its reply in support of its motion for attorney's fees, its motion for summary judgment, its response to Plaintiff's motion for summary judgment, its Supplemental Motion for attorney's fees and reply in support, and time spent communicating with Defendant. Doc. No. 55 at 8-10, 11-12. Although Plaintiff, without citing any authority, suggests a range of time that she argues would be reasonable for each task performed by

Defendant's counsel (Doc. No. 55 at 8-10), "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1306 (11th Cir. 1988). And "[a] court may award fees for hours reasonably expended by counsel in litigating fees." *Arnold v. Eisman & Russo, Inc.*, No. 3:19-cv-769-J-34PDB, 2020 WL 4740518, at *8 (M.D. Fla. May 1, 2020) (citing *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1207 (11th Cir. 1983)), *report and recommendation adopted*, 2020 WL 2786872 (M.D. Fla. May 29, 2020). The Court should not disallow time expended by Defendant's counsel simply because Plaintiff believes that defense counsel took too long in analyzing and drafting its work product or in communicating with its client. Because the hours expended by Defendant's counsel in communicating with its client and in preparing its work product in this case are reasonable, Plaintiff's argument to the contrary is without merit.

As Plaintiff points out, however, the time claimed by Defendant's counsel that is indeed excessive, redundant, or otherwise unnecessary should be disallowed (Doc. No. 55 at 10-11). *See Onyeneho v. LB Ent. LLC*, No. 6:22-cv-978-WWB-DAB, 2023 WL 2931204, at *2 (M.D. Fla. Mar. 6, 2023). Plaintiff argues that the time billed by Attorney Marees on March 20, 2023, to review the Court's orders adopting the undersigned's reports and recommendations is duplicative. Doc. No.

55 at 11 (citing Doc. No. 53-1 at 7). However, the timesheet reflects that on March 20 Attorney Marees spent 0.2 of an hour reviewing the Court's order adopting the undersigned's report and recommendation regarding Defendant's *attorney's fees* and spent another 0.2 of an hour reviewing the Court's order adopting the undersigned's report and recommendation regarding Defendant's *costs*, so the time entries are not duplicative. Doc. No. 53-1 at 7-8.

The Court nonetheless should disallow the **0.4 of an hour** spent (and **$118.00** billed) by Attorney Marees reading the Court's orders regarding Defendant's attorney's fees and costs because that time is excessive and otherwise unnecessary. *See Sanchez v. M&F, LLC*, No. 6:17-cv-1752-Orl-22LRH, 2020 WL 6106094, at *13 (M.D. Fla. June 17, 2020) (finding that time spent by attorney reviewing summonses and notice of appearance was clerical in nature and not recoverable), *report and recommendation adopted*, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020); *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1309-10 (S.D. Fla. 2009); *Azam-Qureshi v. The Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1299 n.6 (S.D. Fla. 2008); *Farr v. Manageinn, Inc.*, No. 6:07-cv-829-Orl-28KRS, 2008 WL 227961, at *6 (M.D. Fla. Jan. 25, 2008) (finding that attorney's time reviewing standard documents such as court orders was excessive). "The Court is unaware of why [Attorney Marees] needed to spend more than one minute reviewing this very short order . . . ." *Azam-Qureshi*, 540 F. Supp. 2d at 1299 n.5.

The Court should also disallow as excessive or otherwise unnecessary other time claimed by Defendant's counsel (a total of **$1,230.50**):

03/20/2023 Attorney Burnette
Review of order adopting R&R as to taxation of costs, [redacted]
0.2 hour
Hourly Rate: $335.00
Billable: $67.00

03/01/2023 Attorney Burnette
Review of report and recommendation re motion for costs [redacted]
0.3 hour
Hourly Rate: $335.00
Billable: $100.50

02/27/2023 Attorney Burnette
Read report and recommendation re attorney's fees [redacted]
0.3 hour
Hourly Rate: $335.00
Billable: $100.50

12/06/2022 Attorney Burnette
Review of paperless order granting leave to file reply and send same to client
0.2 hour
Hourly Rate: $320.00
Billable: $64.00

11/22/2022 Attorney Burnette
Read order granting Plaintiff's request for extension of time to respond to motion for sanctions
0.2 hour
Hourly Rate: $320.00
Billable: $64.00

10/31/2022 Attorney Marees
Receipt and review Judgment in favor of LVNV
0.2 hour
Hourly Rate: $275.00
Billable: $55.00

10/31/2022 Attorney Marees
Receipt and review of Order granting summary judgment in favor of
LVNV
0.3 hour
Hourly Rate: $275.00
Billable: $82.50

10/27/2022 Attorney Burnette
Review of order granting summary judgment [redacted]
0.4 hour
Hourly Rate: $320.00
Billable: $128.00

10/27/2022 Attorney Marees
Receipt and review of mediator's notice of impasse
0.2 hour
Hourly Rate: $275.00
Billable: $55.00

09/02/2022 Attorney Burnette
Receipt and review of order setting briefing schedule for cross-MSJs
0.2 hour
Hourly Rate: $320.00
Billable: $64.00

09/01/2022 Paralegal Lewis
Prepare MSJ exhibits to comply with federal rules
3.5 hours
Hourly Rate: $125.00
Billable: $437.50

07/19/2022 Paralegal Lewis
          Retrieved deposition transcripts
          0.1 hour
          Hourly Rate: $125.00
          Billable: $12.50

Doc. No. 53-1 at 6-24.

The 3.6 hours spent by Paralegal Lewis to prepare exhibits and to retrieve deposition transcripts should be disallowed because the work is not traditionally performed by an attorney. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). Rather, it is clerical work usually performed by legal assistants, not lawyers. *See Creative Choice Homes XXX, LLC v. Amtax Holdings 690, LLC*, No. 8:19-cv-01903-TPB-AAS, 2023 WL 2817366, at *8 (M.D. Fla. Apr. 5, 2023) (finding preparation of exhibit materials to be clerical work); *Kahn v. Cleveland Clinic Fla. Hosp.*, No. 16-61994-CIV, 2020 WL 10502419, at *6 (S.D. Fla. Apr. 20, 2020) (finding paralegal's preparation of exhibits to be clerical work excluded from fee award); *SEC v. Kirkland*, No. 6:06–cv–183–Orl–28KRS, 2008 WL 4144424, at *16 & n.17 (M.D. Fla. Sept. 5, 2008) (finding paralegal's ordering and arranging for retrieval of hearing transcript to be noncompensable clerical task). In sum, the Court should deduct **$1,508.50** from Defendant's counsel's claimed attorney's fees of $24,409.50 and instead award **$22,901.00** for the time claimed in the Supplemental Motion.

In its reply, Defendant's counsel seeks an additional $1,560.00 in fees for 9.3 hours of work its attorneys performed at their 2022 hourly rates after it filed its

Supplemental Motion. Doc. No. 58 at 5; Doc. No. 58-1 at 3-5. For the reasons explained above, however, the Court should deduct the following time entry as excessive or otherwise unnecessary (claimed at the 2022 hourly rate of $320.00 for **$64.00**):

05/01/2023 Attorney Burnette
　　　　　　Review of order permitting reply to response to motion for fees
　　　　　　0.2 hour
　　　　　　Hourly Rate: $320.00 [Doc. No. 58 at 5]
　　　　　　Billable: $64.00

Doc. No. 58-1 at 3. The Court should instead award **$1,496.00** for Defendant's counsel's work performed after it filed its Supplemental Motion.

It is recommended that, with the deductions explained above, the Court award **$24,397.00** in attorney's fees to Defendant.

## C.　Defendant's Request for 25% Upward Adjustment to Lodestar Amount

Defendant also seeks a 25% upward adjustment to the lodestar amount due to the "extraordinary" or "exceptional" results obtained by Defendant. Doc. No. 53 at 4, 8, 16-19; Doc. No. 58 at 4-5. According to Defendant, "[a]fter determining the lodestar amount, the Court may apply an adjustment based on the results obtained by the party seeking attorney's fees" when "the prevailing party gains exceptional results." Doc. No. 53 at 6-7 (citing *Hannon v. Cach, LLC*, No. 8:11-cv-1629-AEP, Order at 14, Doc. No. 29 (M.D. Fla. May 24, 2012)). Defendant argues that a 25% upward adjustment to the lodestar amount is warranted because

17

"[w]ith [counsel's] representation, LVNV obtained a total victory in this case: the Court entered judgment in favor of LVNV and against Plaintiff for each of her claims." *Id.* at 17 (citing Doc. No. 34). "Further, LVNV prevailed on its arguments that CRLA had engaged in 'unreasonable and vexatious conduct' [and] that CRLA should therefore be required to pay LVNV's attorney's fees." *Id.* (citing Doc. No. 51). "These exceptional results should bear fruit for not only LVNV, but other would-be defendants and this Court." *Id.* "This case should send a strong message to other defendants that they cannot take the representations in CRLA's complaints at face value." *Id.* at 18. According to Defendant, "[a]n upward adjustment to the lodestar fee is justified due to the risk LVNV took in calling CRLA's bluff and the exceptional results that should inure from doing so." *Id.* at 19. Plaintiff contends, however, that, absent a showing by Defendant with specific evidence that an adjustment of the lodestar is necessary, Defendant is not entitled to an upward adjustment. Doc. No. 55 at 12-14 (citing *Arnold*, 2020 WL 4740518, at *7, *13).

"If the results obtained were exceptional, then some enhancement of the lodestar might be called for. Exceptional results are results that are out of the ordinary, unusual or rare. Ordinarily, results are not exceptional merely because of the nature of the right vindicated or the amount recovered." *Norman*, 836 F.2d at 1302 (citation omitted). "The law is usually faithful to its teachings, and so an

outcome that is not unexpected in the context of extant substantive law will not ordinarily be exceptional." *Id.* "Even if the results obtained are exceptional, no enhancement is permissible unless there is specific evidence in the record to show that the quality of representation was superior to that which one would reasonably expect in light of the rates claimed." *Id.* "This is because the reasonable hourly rate already should reflect the skill demonstrated by the advocate." *Id.*

The Court should find that no upward adjustment to the lodestar amount is warranted because the results obtained by Defendant were not exceptional. Defendant does not argue that the results it obtained were out of the ordinary, unusual, or rare; rather, it contends that it obtained a "total victory" and that it "is the first company to hold CRLA's feet to the fire, depose the plaintiff to see if he/she, in fact, disputes the debt as alleged, and then move for summary judgment of the plaintiff's claims. In other words, LVNV is the first company to expose CRLA's scam." Doc. No. 53 at 17, 18. "An upward adjustment to the lodestar fee is justified due to the risk LVNV took in calling CRLA's bluff . . . ." *Id.* at 19. Defendant argues that "[a] multiplier is justified because CRLA was *sanctioned* for making false statements to the Court and prolonging the litigation long after any reasonable attorney would have." Doc. No. 58 at 4-5. As explained above, however, results are not exceptional merely because of the nature of the right vindicated. *See Norman*, 836 F.2d 1302. Further, Defendant cites no authority to

support its contention that whatever "strong message" this case sends to CRLA and other FDCPA defendants warrants a 25% upward adjustment. And Defendant points to no specific evidence in the record to show that the quality of its counsel's representation was superior to that reasonably expected in light of its claimed rates. *See id.* For these reasons, the Court should deny Defendant's request for a 25% upward adjustment to the lodestar amount.

## III.    RECOMMENDATION

Because Defendant is entitled to reasonable attorney's fees under 28 U.S.C. § 1927 from Plaintiff's counsel CRLA, it is **RECOMMENDED** that Defendant's Supplemental Motion (Doc. No. 53) be **GRANTED in part and DENIED in part** and that Defendant be awarded attorney's fees in the amount of **$24,397.00.**

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation,**

they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.

      **RECOMMENDED** on May 19, 2023.

                              **CELESTE F. BREMER**
                              **UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record